the court he lived with plaintiff as her husband for more than 10 years after he knew that her former husband was dead, and that the former husband was not dead on the 6th day of January, 1871.

The question as to the amount of alimony to be allowed was carefully considered by the learned referee, and the amount awarded is justified by the evidence.

These considerations require that the judgment and order appealed from should be affirmed, with costs. All concur.

(63 App. Div. 14.)

### TRADESMEN'S NAT. BANK v. CURTIS et al.

(Supreme Court, Appellate Division, First Department.   July 9, 1901.)

1. PLEADING—ANSWER—AMENDMENT AFTER REVERSAL.
   Where a case was reversed on the ground that the plaintiffs were not apprised by defendants' answer that defendants intended to establish that their acceptance of the drafts in suit was conditional, it was proper on a retrial to allow defendants to amend their answer by setting up such a defense on payment of all the accrued costs.

2. SAME.
   The fact that the court in reversing the case also held that the evidence was not sufficient to establish the contract on which defendants relied to show a conditional acceptance of the drafts sued on does not require a reversal of an order allowing defendants to amend their answer by setting up such contract.

Appeal from special term, New York county.

Action by the Tradesmen's National Bank against Grove D. Curtis and another. From an order allowing defendants to file an amended answer, plaintiff appeals. Modified.

For former opinion, see 60 N. E. 429.

Argued before VAN BRUNT, P. J., and PATTERSON, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

A. J. Baldwin, for appellant.

G. R. Carrington, for respondents.

PATTERSON, J.   This appeal is from an order allowing the defendants to amend their answer after a reversal by the court of appeals of a judgment in their favor, and the direction of a new trial by that court. The action was brought upon two drafts drawn by the Natalie Anthracite Coal Company upon the defendants, and accepted by them, and indorsed and delivered to the plaintiff. The position assumed by the defendants on the trial of the action was that they accepted the drafts on an understanding or agreement that coal to an amount equal to the value of such drafts should be delivered to the defendants before the maturity thereof, and that such drafts should be paid only after a full compliance by the Natalie Anthracite Coal Company with that agreement; that the plaintiff, at the time it took the drafts, had full knowledge of the understanding or agreement upon which the defendants accepted them; and that no coal was ever delivered by the Natalie Anthracite Coal Company to the defendants, and that the acceptance was without

consideration. In passing upon the case, the court of appeals, in its opinion, remarked "that the plaintiff was not apprised by the answer that the defendants intended to establish any such defense, nor was the action tried upon the theory that the plaintiff, through its cashier, was a party to any such agreement." The defendants now seek to meet the view of their pleading expressed by the court of appeals by setting up in an amendment to their answer "that the said drafts were accepted by the defendants and delivered to the plaintiff on and in pursuance of an agreement entered into between these defendants, the Natalie Anthracite Coal Company, through its present president, Nathaniel Taylor, acting for and on behalf of said coal company, and the plaintiff, through its cashier, Robert Wardrop, acting for and on behalf of plaintiff, * * * and that said drafts should not be collectible, and these defendants should not be holden on them, in case of failure to deliver said coal as aforesaid." A motion was, therefore, made to supply what was regarded by the court of appeals as a defect in the answer. It is true that the court of appeals did not place its reversal simply upon a defect in pleading, but considered the whole evidence in the record, and held that upon such evidence the alleged contract relied upon by the defendants was not proven, and that the verdict of the jury on the trial of the cause was not supported by evidence. But that view of the record before the court of appeals does not require a reversal of the order now before us. The defendants may have additional evidence not presented on the former trial, which may go to the establishment of their defense, and to prove that the plaintiff was a party to the agreement set forth in the amendment to the answer. The order allowing the amendment was, therefore, properly made, but the terms were entirely inadequate. The defendants were required to pay $50 costs. They should have been required to pay the whole costs of the action. The plaintiff was compelled to litigate the cause through its various stages until it finally succeeded in the court of appeals, and, before a radical change is made in the issues, it should receive a proper indemnity for the expense it has been put to in the assertion and protection of its legal right. The order should be modified by requiring as a condition of leave to serve the amended answer the payment of all the taxable costs of the action to date, including costs on appeal to this court and the court of appeals. At the same time permission should be given to the plaintiff within 10 days after the service of the order to be entered hereon, and the payment of costs to be provided for therein, to discontinue the action if it is so advised, without costs.

The order must be modified in accordance with the views herein expressed, without costs to either party of this appeal. All concur.